**E-FILED**
18EV001529
4/5/2018 10:59 AM
LeNora Ponzo, Clerk
Civil Division

**GEORGIA, FULTON COUNTY**

**STATE COURT OF FULTON COUNTY**
Civil Division

DO NOT WRITE IN THIS SPACE

CIVIL ACTION FILE NO. _____

---

Tamarius A. Rogers

c/o Fried Rogers Goldberg LLC

3550 Lenox Road, N.E., Suite 1500

Atlanta, Georgia 30326-4302

Plaintiff's Name, Address, City, State, Zip Code

vs.

Werner Enterprises, Inc.

c/o National Registered Agents, Inc.

289 S. Culver Street

Lawrenceville, Georgia 30046-4805

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | | AMOUNT OF SUIT | |
|---|---|---|---|
| [ ] ACCOUNT | | PRINCIPAL $ | |
| [ ] CONTRACT | | | |
| [ ] NOTE | | INTEREST $ | |
| [X] TORT | | | |
| [ ] PERSONAL INJURY | | ATTY. FEES $ | |
| [ ] FOREIGN JUDGMENT | | | |
| [ ] TROVER | | COURT COST $ | |
| [ ] SPECIAL LIEN | | | |
| ************ | | | |
| [ ] NEW FILING | | | |
| [ ] RE-FILING: PREVIOUS CASE NO. | | | |

**SUMMONS**

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: **Parker M. Green**

Address: **3550 Lenox Road, N.E., Suite 1500**

City, State, Zip Code: **Atlanta, Georgia 30326-4302**          Phone No.: **404-591-1800**

An answer to the complaint, which is herewith served on you, should be filed within thirty (30) days after service, not counting the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. DEFENSE MAY BE MADE & JURY TRIAL DEMANDED, via electronic filing through eFile GA via www.eFileGA.com or, if desired, at the e-filing public access terminal in the Self-Help Center at 185 Central Ave., S.W., Ground Floor, Room TG300, Atlanta, GA 30303.

This **4/5/2018 10:59 AM**
_____              _____
                                          LeNora Ponzo, Chief Clerk (electronic signature)

If the sum claimed in the suit, or value of the property sued for, is $300.00 or more Principal, the defendant must admit or deny the paragraphs of plaintiff's petition by making written Answer. Such paragraphs undenied will be taken as true. If the plaintiff's petition is sworn to, or if suit is based on an unconditional contract in writing, then the defendant's answer must be sworn to.

If the principal sum claimed in the suit, or value of the property sued for, is less than $300.00, and is on a note, unconditional contract, account sworn to, or the petition sworn to, defense must be made by filing a sworn answer setting up the facts relied on as a defense.

*SERVICE INFORMATION:*
Served, this _____ day of _____, 20 _____.
                                          _____
                                          DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

This _____ day of _____, 20 _____.          _____ Foreperson

**EXHIBIT**
**A**

**E-FILED**
18EV001529
4/5/2018 10:59 AM
LeNora Ponzo, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

TAMARIUS A. ROGERS,

        *Plaintiff,*

vs.

WERNER ENTERPRISES, INC., ACE
AMERICAN INSURANCE COMPANY,
and DONALD E. HARDY,

        *Defendants.*

CIVIL ACTION FILE
NO.: _____

**JURY TRIAL DEMANDED**

### COMPLAINT

**COMES NOW** Tamarius A. Rogers, Plaintiff, and files this Complaint against Defendants

Werner Enterprises, Inc., Ace American Insurance Company, and Donald E. Hardy, respectfully

showing this Court as follows:

### PARTIES AND JURISDICTION

1.

Plaintiff is a citizen and resident of the State of Georgia, and he is subject to the jurisdiction

of this Court.

2.

Defendant Werner Enterprises, Inc. ("Werner") is a foreign corporation existing under the

laws of the State of Nebraska with a principal place of business in Nebraska, and it is authorized

to transact business in State of Georgia. Defendant Werner may be served by delivering a copy of

the Summons and Complaint to its registered agent, National Registered Agents, Inc., at 289 S.

Culver Street, Lawrenceville, Gwinnett County, Georgia 30046-4805, and it is subject to the

jurisdiction of this Court.

Page 2

3.

Defendant Ace American Insurance Company ("Ace Insurance") is a corporation existing under the laws of the State of Pennsylvania with its principal place of business in Pennsylvania, and it is authorized to transact business in the State of Georgia. Defendant Ace Insurance may be served by delivering a copy of the Summons and Complaint on its registered agent, CT Corporation System, at 289 S. Culver Street, Gwinnett County, Lawrenceville, Georgia 30046, and it is subject to the jurisdiction of this Court.

4.

Defendant Donald E. Hardy ("Hardy") is a citizen and resident of the State of Alabama and may be served with a copy of the Summons and Complaint at his home address of 5483 County Road 203, Dothan, Alabama 36301.

5.

This suit arises out of a motor vehicle accident that occurred on December 5, 2016 in Fulton County, Georgia (hereinafter the "subject-accident").

6.

Jurisdiction and venue are proper in this Court.

## BACKGROUND

7.

On or about December 5, 2016, Plaintiff was driving northbound on I-285 near the intersection with Camp Creek Parkway and, at the same time, Defendant Hardy was traveling in the lane next to Plaintiff.

8.

Defendant Hardy attempted to change lanes into Plaintiff's lane of travel.

9.

Defendant Hardy collided with Plaintiff's vehicle as he changed lanes into Plaintiff's lane of travel on I-285 northbound.

10.

As a result of the collision, Plaintiff suffered severe and permanent orthopedic injuries that required extensive treatment to his neck, back, and right leg and ankle.

## COUNT I – NEGLIGENCE OF DEFENDANT HARDY

11.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 10 above as if fully restated.

12.

Defendant Hardy was negligent in changing lanes into Plaintiff's vehicle, failing to maintain his lane, failing to maintain a proper lookout, traveling too fast for conditions, failing to operate his tractor-trailer in a safe and reasonable manner, and hitting Plaintiff's vehicle.

13.

Defendant Hardy's negligence is the sole and proximate cause of the subject-accident, and Plaintiff's resulting injuries.

## COUNT II – IMPUTED LIABILITY OF DEFENDANT WERNER

14.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 13 above as if fully restated.

15.

At the time of the subject-accident, Defendant Hardy was an employee of and/or under dispatch for Defendant Werner.

16.

At the time of the subject-accident, Defendant Hardy was operating his tractor-trailer on behalf of Defendant Werner.

17.

Defendant Werner is responsible for the negligence of Defendant Hardy under the theory of *respondeat superior* or vicarious liability.

18.

Defendant Werner is an interstate motor carrier and, pursuant to federal and state laws, it is responsible for the actions and omissions of Defendant Hardy in the subject-accident under the doctrine of lease liability, agency, or apparent agency.

## COUNT III -- NEGLIGENT HIRING, TRAINING, SUPERVISION & ENTRUSTMENT BY DEFENDANT WERNER

19.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 18 above as if fully restated.

20.

Defendant Werner was negligent in hiring Defendant Hardy and entrusting him to operate a tractor-trailer.

21.

Defendant Werner was negligent in failing to properly train Defendant Hardy.

22.

Defendant Werner was negligent in failing to properly supervise Defendant Hardy.

23.

Defendant Werner's negligence in hiring Defendant Hardy and entrusting him with the operation of a tractor-trailer, and in failing to train and supervise Defendant Hardy properly, was the sole and proximate cause of the subject-accident.

## COUNT IV – DIRECT ACTION AGAINST DEFENDANT ACE INSURANCE

24.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 23 above as if fully restated.

25.

Defendant Ace Insurance is subject to a direct action as the insurer for Defendant Werner pursuant to O.C.G.A. § 40-2-140.

26.

Defendant Ace Insurance was the insurer of Defendant Werner at the time of the subject-accident and issued a liability policy to comply with the filing requirements under Georgia law for intrastate transportation.

27.

Defendants Ace Insurance and Werner are subject to the filing requirements outlined in O.C.G.A. § 40-2-140.

28.

Defendant Ace Insurance is responsible for any judgment rendered against Defendant Werner.

## COUNT V – DAMAGES

### 29.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 28 above as if fully restated.

### 30.

As a result of Defendants' negligence, Plaintiff suffered severe and permanent injuries requiring extensive treatment to his neck, back, and right leg and ankle.

### 31.

As a result of Defendants' negligence, Plaintiff has incurred past medical expenses and will continue to incur future medical expenses.

### 32.

As a result of Defendants' negligence, Plaintiff has missed time from work and has a claim for lost wages.

### 33.

Defendants' negligence is the sole and proximate cause of Plaintiff's injuries.

## COUNT VI – PUNITIVE DAMAGES

### 34.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 33 above as if fully restated.

### 35.

Defendants' conduct was reckless, willful and wanton, and demonstrates a conscious indifference to the consequences of their actions and, therefore, entitles Plaintiff to an award of punitive damages.

**WHEREFORE,** Plaintiff prays that he has a trial on all issues and judgment against Defendants as follows:

a.    That Plaintiff recover the full value of his past and future medical expenses and past and future lost wages in an amount to be proven at trial;

b.    That Plaintiff recover for physical and mental pain and suffering in an amount to be determined by the enlightened conscience of a jury;

c.    That Plaintiff recover for his permanent disability and loss of enjoyment of life in an amount to be determined by the enlightened conscience of a jury;

d.    That Plaintiff recover punitive damages in an amount to be determined by the enlightened conscience of a jury; and

e.    That Plaintiff recover such other and further relief as is just and proper.

*[signature to follow]*

This 5th day of April, 2018.

Respectfully Submitted,

**FRIED ROGERS GOLDBERG LLC**

By: *s/ Parker M. Green*
    **MICHAEL L. GOLDBERG**
    Georgia Bar No. 299472
    **ERIC J. D. ROGERS**
    Georgia Bar No. 100081
    **PARKER M. GREEN**
    Georgia Bar No. 130593

    *Attorneys for Plaintiff*

3550 Lenox Road, N.E., Suite 1500
Atlanta, Georgia 30326
(404) 591-1800 (phone)
(404) 591-1801 (fax)
Michael@frg-law.com
Eric@frg-law.com
Parker@frg-law.com